

# COALITION OF LANDLORDS HOMEOWNERS, & MERCHANTS, INC.

*Hand Delivered to Henry Terry 1-2-07 fax'd by KM 1/2/07*

R. Bertil Peterson, Esq.  Staff Counsel

January 2, 2007

Judge Denis R. Hurley
P.O. Box 9014
100 Federal Plaza
Central Islip, New York 11722

Re:  Henry Terry v. The Incorporated Village of Patchogue,
     Peter Sarich and James Nudo (CV-05-3398)

Dear Judge Hurley:

I request a pre-motion conference in the above-referenced matter in order to seek leave to file a motion for an order permitting me to withdraw as plaintiff's counsel, granting plaintiff time to either retain new counsel or proceed pro se and extending the date for plaintiff's to submit reply papers (presently due January 5, 2007) in response to defendants' opposition to plaintiff's request for permission to file a motion for an order, pursuant to FRCP 4(m) and 60(b), granting plaintiff leave to serve and file his complaint.

The reasons for my request include the fact that there has developed an irreconcilable conflict of interest between the plaintiff and myself, which cannot be disclosed without my violating the attorney-client privilege, but which justifies my withdrawal based upon the following legal authority:

Rule 1.4 of the Civil Rules of the United States District Court for the Southern and Eastern Districts of New York provides that:

> "an attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order.  Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar".

28 East Main Street, Babylon, New York, 11702          Tel: (631) 376-2110   Fax: (631) 376-2148
                                                              (Facsimile not for service of papers)

Judge Denis R. Hurley
January 2, 2006
Page 2

In addressing motions by counsel to withdraw, district courts have typically considered whether "prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel" (Brown v. National Survival Games, Inc., 1994 U.S. Dist. LEXIS 16572, No. 91-CV-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994) (finding that because "[discovery] is not complete and the case is not presently scheduled for trial . . . granting the instant motion will not likely cause undue delay"). In this case, discovery has not yet commenced as plaintiff's application for leave to file his complaint is still pending.

The Code of Professional Responsibility provides guidance as to what constitutes "good cause" for granting leave to withdraw as counsel (see Whiting v. Lacara, 187 F.3d 317; 1999 U.S. App. LEXIS 19952 (2d Cir. 1999); (Brown v. National Survival Games, Inc., 1994 U.S. Dist. LEXIS 16572, No. 91-CV-221, 1994 WL 660533, at *4n.1 citing Armstrong v. McAlpin, 625 F.2d 433, 446 N.26 (2d Cir. 1980), vacated on other grounds, 449 U.S. 1106 (1981); see also Joseph Brenner Assocs. v. Starmaker Entertainment, Inc., 82 F.3d 55, 57 (2d Cir. 1996); Vaughn v. Am. Tel. & Tel. Corp., 1998 U.S. Dist. LEXIS 17129, 1998 WL 760230, at *1 (S.D.N.Y. Oct. 30, 1998)).

DR 2-110(C)(1)(a) limits the right of a client to dictate to his attorney how to conduct his case and FRCP 11(b)(2) prohibits an attorney from making "legal contentions . . . unwarranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law . . . "(FRCP 11(b)(2)).

Where, as here, a client insists on dictating legal strategies to his lawyer to the extent that their relationship significantly deteriorates, there exists the functional equivalent of a conflict of interest establishing good cause to withdraw (Lacara, 187 F.3d at 323). Where, as here, a client's conduct renders his counsel's representation unreasonably difficult there exist grounds for withdrawal (Ibid.); DR 2-110(C)(1)(d)). Where, as here, there exists hostility or irreconcilable differences between the attorney and his client there exist grounds for withdrawal (Joseph Brenner Assocs., Inc. v. Starmaker Entertainment Inc., 82 F.3d 55 (2d Cir. 1996). Where, as here,

the client's conduct has rendered it unreasonably difficult for his lawyer to carry out his employment effectively, there exists grounds for withdrawal (DR 2-110(C)(1)(d)). Where, as here, there exists a functional equivalent of conflict of interest, further delay in the progress of the case is an insufficient reason to deny counsel's motion to withdraw (Heck-Johnson v. First Unum Life Ins. co., 2006 U.S. Dist. LEXIS 26265 (N.D.N.Y. 2006). Where, as here, an attorney "continues to represent a client despite the inherent conflict of interest in his so doing [due to possible Rule 11 sanctions] [he] risks an ethical violation" (see Healey v. Chelsea Resources, Ltd., 947 F.2d 611, 623 (2d Cir. 1991) (citing Calloway v. Marvel Enterainment Group, 854 F.2d 1452, 1471 (2d Cir. 1988), reversed on other grounds 493 U.S. 120, 107 L.Ed.2d 438, 110 S.Ct. 456 (1989)).

And, as well, where, as here, the client fails and refuses to pay his attorney the amount of his retainer and disbursements, withdrawal is warranted (Grunwald v. Bornfreund, 1992 WL 135233, *2 (E.D.N.Y. May 29, 1992); Fischer v. Biman Bangladesh Airlines, 1997 WL 411446, *1 (S.D.N.Y. July 18, 1997); Beshansky v. First National Entertainment Corp., 140 F.R.D. 272, 274 (S.D.N.Y. 1990); Farr Man Coffee, Inc. v. M/H/ Bernard S., 1989 WL 31529, 1, 1989 U.S. Dist. Lexis 2988, 3 (S.D.N.Y. 1989); McGuire v. Wilson, 735 F.Supp. 83, 85 (S.D.N.Y. 1990); Statue of Liberty v. Intern. United Industries, 110 F.R.D. 395, 397 (S.D.N.Y. 1986)).

Respectfully submitted,

R. Bertil Peterson

rbp:ps

cc: Henry Terry

    Miranda Sokoloff Sambursky Slone Verveniotis LLP
    Attorneys for Defendants

28 East Main Street, Babylon, New York, 11702     Tel: (631) 376-2110   Fax: (631) 376-2148
(Facsimile not for service of papers)