UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HENRY TERRY,

                      Plaintiff,                  CV-05-3398 (DRH)

    -against-                       **AFFIRMATION IN SUPPORT OF**

INCORPORATED VILLAGE OF PATCHOGUE,  **MOTION TO**
PETER SARACH and JAMES NUDO,              **WITHDRAW AS**
                                                                 **COUNSEL**

                    Defendants.
------------------------------------------------------------X

      R. BERTIL PETERSON, an attorney duly admitted to practice law in the courts of this State, affirms the following to be true under penalty of perjury:

      1. I am counsel of record for the plaintiff in the above-captioned action and Staff Counsel for The Coalition of Landlords, Homeowners & Merchants, Inc. I submit this Affirmation and the annexed Notice of Motion, exhibits and Memorandum of Law in support of my motion for an order, pursuant to Rule 1.4 of the Civil Rules of the United States District Courts for the Southern and Eastern District of New York, permitting me to withdraw as plaintiff's counsel, granting plaintiff time either to retain new counsel or proceed pro se and extending the date for plaintiff to submit reply papers (which were due on January 5, 2007) in response to defendants' opposition to plaintiff's request for permission to file a motion for an order, pursuant to FRCP 4(m) and 60(b), granting plaintiff leave to serve and file his complaint.

2. The reasons for my request to withdraw as counsel are set forth in the succeeding paragraphs of this Affirmation. Those reasons include an irreconcilable conflict of interest between the plaintiff and myself, plaintiff's refusal to cooperate with me, plaintiff's refusal to follow my advice, plaintiff's attempt to dictate the legal strategy to be used in his case and plaintiff's failure and refusal to honor the terms of his retainer agreement and to pay for services rendered, expenses and disbursements.

## Background

3. The background in this matter is fully set forth in my "Affirmation in Support of Request for Permission to Serve and File a Motion Pursuant to FRCP 4(m) and 60(b)", which has been electronically filed with this Court and which I respectfully request be deemed annexed hereto as **EXHIBIT "A"**.

4. Subsequent to the electronic filing of my prior Affirmation, defendants' counsel served and electronically filed with this Court a Declaration of Brian S. Sokoloff, Esq. dated December 15, 2006, Exhibits "A" and "B" thereto, the Affidavit of Patricia M. Seal sworn to the [blank] day of December, 2006, the Affirmation of J. Lee Snead, Esq. dated December 18, 2006, Exhibits "A", "B" and "C" thereto, and a Memorandum of Law, which I respectfully request be deemed annexed hereto as **EXHIBIT "B"** (hereafter "defendants' opposition papers").

## Reasons for Withdrawal Motion

5. Defendants' opposition papers contain numerous claims and allegations concerning the plaintiff Henry Terry which, if not rebutted by the plaintiff, could negatively impact upon his pending motion. Accordingly, the plaintiff was given copies of all of the defendants' opposition papers and was requested to provide me with documents rebutting the claims and contentions contained in defendants' opposition papers.

6. Among the claims and contentions which were contained in the defendants' opposition papers, which require rebuttal and respecting which the plaintiff was requested to provide me with documents include the following:

- "Plaintiff clearly has proffered a complaint for filing, and yet has not identified the information gleaned since October 2005 that was not available prior thereto and which has now allowed him to finalize his complaint" (Snead Aff. para. "3");

- "To the specific allegation that the Village had somehow deprived Mr. Terry of information relevant to his case, my review of my files as the Village Freedom of Information Appeal Officer discloses that between September 19, 2005 and October 12, 2005 - the period Mr. Terry admits to have been reviewing and editing his complaint (Terry Affid., para. 4) - Mr. Terry did not present a Freedom of Information request to the Village that was denied." (Snead Aff. para. "4");

- "It is noteworthy that Mr. Terry did not initiate a judicial review of either the September 19 or December 7, 2005 FOIL determinations" (Snead Aff. para. "5");

- "Thus, Mr. Terry's claim that he was deprived by the Village of documents necessary to finalize his complaint is not credible and is shown not to be simply by the fact that he did later finalize his complaint without any further information from that time period." (Snead Aff. para. "5");

- "Plaintiff's failure to timely file litigation documents is not the first instance where Mr. Terry has begun litigation and then dead-dogged, wasting the Court's and the parties' time." (Snead Aff. para. "6");

- "Indeed, much of the Freedom of Information Law claims made by Mr. Terry in the instant litigation were present in the Article 78 litigation before the Suffolk County Supreme Court, and were dismissed by that Court as having not been timely filed in the first instance." (Snead Aff. para. "6");

- "In point of fact, Mr. Terry's conduct here is part and parcel of a continuing pattern of using the judicial or administrative process as a burden to the Village." (Snead Aff. para. "7");

- "[The plaintiff] has filed two (2) litigations, in each of which he has delayed the process." (Snead Aff. para. "7");

- "Indeed, many of the FOIL requests I have seen from Mr. Terry are simply duplicitous of previous FOIL requests that did not give Mr. Terry the answers he wanted, often with a new date simply scrawled on the top." (Snead Aff. para. "7");

- "As to the Notice of Claim, Mr. Terry routinely files them, receives correspondence requesting his attendance at a Gen. Municipal 50-h hearing, and then avoids the hearing." (Snead Aff. para. "7"); and

- "While any person is entitled to take the opportunity to use the processes available to them to redress grievances, Mr. Terry's use of those processes is at a level that I honestly believe to be

harassing and not intended to obtain evidence, but rather, to obtain the aggravation and expenditure of funds of those he is requesting information from." (Snead Aff. para. "7").

7. The <u>only</u> documents that I received from the plaintiff to rebut the defendants' claims are a Notice of Petition (Article 78 Proceeding), Petition and annexed documents and exhibits, copies of which are annexed hereto as **EXHIBIT "C"**. The Notice of Petition indicates that the plaintiff's Article 78 Proceeding was commenced on June 16, 2006. The Article 78 Petition contains a list and a history of the plaintiff's Freedom of Information Law ("FOIL") requests for public records and the determinations by the Village of Paatchogue with respect to each FOIL request.

8. Because the plaintiff did not provide me with any other documentation necessary to rebut the claims and contentions contained in defendants' opposition papers, I was unable to address those claims and contentions in reply papers that were required to be filed by January 5, 2007. Accordingly, for that reason and for the other reasons set forth below, I submitted a letter requesting permission to submit a motion to withdraw as plaintiff's counsel.

9. It has been alleged in defendants' opposition papers that the plaintiff "has not identified the information gleaned since October 2005 that was not available prior thereto and which has now allowed him to finalize his

complaint" (Snead Aff. para. "3"). As set forth at paragraph "23" of my prior Affirmation (Exhibit "A"), the plaintiff's complaint was filed on August 17, 2006. I did not file the plaintiff's complaint between November 4, 2005, this Court's deadline for filing plaintiff's complaint, and December 29, 2005, the date of this Court's dismissal order, because it would have been contemptuous to file plaintiff's complaint in contravention of this Court's November 4, 2005 deadline. After this Court's December 29, 2005 dismissal order was vacated by the Second Circuit Court of Appeals on August 10, 2006, I served and filed plaintiff's complaint on August 17, 2006. The plaintiff has criticized me for waiting until August 17, 2006 to file his complaint and refuses to accept my advice that it would have been inappropriate to file his complaint after the Court's filing deadline had passed, his action had been dismissed and before the dismissal was vacated. This disagreement has been compounded by plaintiff's refusal to follow my recommendations and his insistence that I obey directives that I find unacceptable.

      10. Plaintiff no longer follows my advice concerning the handling of his case and wants to prosecute his case in a manner in which he believes is appropriate but which I feel is inappropriate. Also, the plaintiff would like to rescind certain things that have been done in his case which I cannot reveal without violating the attorney-client privilege but which, if plaintiff chooses, can

Case 2:05-cv-03398-RRM -ARL   Document 20-1   Filed 03/09/07   Page 7 of 7

be brought to this Court's attention by plaintiff's new counsel. Also plaintiff wants to orchestrate my legal strategies and ethical obligations.

12. Annexed hereto as **EXHIBIT "D"**, is a current statement of the moneys that are owed by the plaintiff as and for services rendered, expenses and disbursements.

WHEREFORE, Affirmant respectfully requests that the relief requested in the annexed Notice of Motion be, in all respects, granted.

Dated: Babylon, New York
February 28, 2007

*R. Bertil Peterson*
R. Bertil Peterson (RP3512)