UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HENRY TERRY,

                          Plaintiff,              CV-05-3398 (DRH)

    -against-

INCORPORATED VILLAGE OF PATCHOGUE,
PETER SARACH and JAMES NUDO,

                          Defendants.
-------------------------------------------------------------X

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION
## TO WITHDRAW AS COUNSEL

                                                              THE COALITION OF LANDLORDS,
                                                              HOMEOWNERS & MERCHANTS, INC.
                                                              by its Staff Counsel
                                                               R. Bertil Peterson, Esq. (RP3512)
                                                               Attorney for Plaintiff
                                                               28 East Main Street
                                                               Babylon, New York 11702
                                                               (631) 376-2110

## **Preliminary Statement**

  This Memorandum of Law is being submitted to this Court in support of the motion by plaintiff's counsel for an order, pursuant to Rule 1.4 of the Civil Rules of the United States District Courts for the Southern and Eastern District of New York, permitting him to withdraw as plaintiff's counsel, granting plaintiff time either to retain new counsel or proceed <u>pro</u> <u>se</u> and extending the date for plaintiff to submit reply papers (which were due on January 5, 2007) in response to defendants' opposition to plaintiff's request for permission to file a motion for an order, pursuant to FRCP 4(m) and 60(b), granting plaintiff leave to serve and file his complaint.

  The reasons why plaintiff's counsel is requesting permission to withdraw as counsel are set forth in his Affirmation dated February 28, 2007. Those reasons include an irreconcilable conflict of interest between the plaintiff and his counsel, plaintiff's refusal to cooperate with his counsel, plaintiff's refusal to follow his counsel's advice, plaintiff's attempt to dictate the legal strategy to be used in his case and plaintiff's failure and refusal to honor the terms of his retainer agreement and to pay for services rendered, expenses and disbursements.

# LEGAL ARGUMENT

## POINT I

### THE CONFLICT OF INTEREST BETWEEN PLAINTIFF AND HIS COUNSEL REQUIRES HIS WITHDRAWAL AND THE SUBSTITUTION OF NEW COUNSEL

**Model Code of Professional Responsibility:**

Although the Model Code of Professional Responsibility ("Model Code") "was drafted solely for its use in disciplinary proceedings and cannot by itself serve as a basis for granting a motion to withdraw as counsel, it has been held by the Second Circuit Court of Appeals that "the Model Code provides guidance for the court as to what constitutes 'good cause' to grant leave to withdraw as counsel" (Whiting v. LaCara, 187 F.3d 317 (2d Cir. 1999) (citing Brown v. National Survival Games, Inc. No. 91-CV-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994) (citing Armstrong v. McAlpin, 625 F.2d 433, 446 n.26 (2d Cir. 1980), vacated on other grounds, 449 U.S. 1106 (1981); see also Joseph Brenner Assocs. v. Starmaker Entertainment, Inc., 82 F.3d 55, 57 (2d Cir. 1996) (citing New York implementation of Model Code in affirming district court's decision granting counsel's withdrawal motion).

Disciplinary Rule ("DR") 2-110, 22 N.Y.C.R.R. Sections 1200.15(c)(i) and (iv) provide that a lawyer is permitted to withdraw if the client:

(i) Insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument of an extension, modification, or reversal of existing law[;] . . . [or] (iv) [b]y other conduct that renders it unreasonably difficult for the lawyer to carry out employment effectively.

When a client insists on dictating legal strategies to the lawyer to the extent that their relationship significantly deteriorates, the situation may constitute the functional equivalent of a conflict of interest establishing good cause to withdraw (See i.e. LaCara, 187 F.3D at 323; Heck-Johnson v. First Unum Life Ins. Co., 01-CV-01739 (N.D.N.Y. 2006) ("[I]t is readily apparent that there is a fundamental conflict between two concerning legal strategy that has caused their relationship to deteriorate").

Moreover, FRCP 11 provides, in relevant part, that by presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (3) the allegations and other factual contentions have evidentiary support." Heretofore, the plaintiff's counsel presented to this Court an affidavit dated November 22, 2006 that had been signed and sworn to by the plaintiff and which plaintiff's counsel believed was true.

Plaintiff's counsel should not be required to continue with a litigation under circumstances where he presented an affidavit to this Court that had been signed and sworn to by the plaintiff and which plaintiff's counsel believed was true but which plaintiff may in the future dispute. If he were required to do so, plaintiff's counsel would be placed in the wholly untenable position of having to impeach the veracity of the very affidavit that he filed with this Court thereby potentially subjecting himself to Rule 11 sanctions (See 22 N.Y.C.R.R. Section 120015(c)(i); Ehle v. United States, 05-CV-189 (N.D.N.Y. 2006)).

Where, as here, an attorney "continues to represent a client despite the inherent conflict of interest in his so doing [due to possible Rule 11 sanctions] [he] risks an ethical violation" (see Healey v. Chelsea Resources, Ltd., 947 F.2d 611, 623 (2d Cir. 1991) (citing Calloway v. Marvel Enterainment Group, 854 F.2d 1452, 1471 (2d Cir. 1988), reversed on other grounds 493 U.S. 120, 107 L.Ed.2d 438, 110 S.Ct. 456 (1989)). An attorney should not be compelled to continue with his client's representation under circumstances where he could be subjected to Rule 11 sanctions.

And, where, as here, a client fails and refuses to pay his attorney the amount of his retainer and disbursements, withdrawal is warranted (Grunwald v. Bornfreund, 1992 WL 135233, *2 (E.D.N.Y. May 29, 1992); Fischer v. Biman Bangladesh Airlines, 1997 WL 411446,*1 (S.D.N.Y. July 18, 1997); Beshansky v.

First National Entertainment Corp., 140 F.R.D. 272, 274 (S.D.N.Y. 1990); Farr Man Coffee, Inc. v. M/H/ Bernard S., 1989 WL 31529, 1, 1989 U.S. Dist. Lexis 2988, 3 (S.D.N.Y. 1989); McGuire v. Wilson, 735 F.Supp. 83, 85 (S.D.N.Y. 1990); Statue of Liberty v. Intern. United Industries, 110 F.R.D. 395, 397 (S.D.N.Y. 1986)).

The burden placed upon plaintiff's counsel by the plaintiff's failure and refusal to pay his attorney the amount of his retainer and disbursements was aptly described by the court in Rivera-Domenech v. Calvesbert Law Offices, 402 F.3d 2005 (1st Cir. 2005):

> "It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a substantial sum and the client has violated the written fee agreement. Further, if counsel does not expend the necessary effort and does not front the trial expenses, he very well could expose himself to civil liability to his client. We refuse to place counsel in such a position."

The irreconcilable conflict of interest between the plaintiff and his counsel, plaintiff's refusal to cooperate with his counsel, plaintiff's refusal to follow his counsel's advice, plaintiff's attempt to dictate the legal strategy to be used in his case and plaintiff's failure and refusal to honor the terms of his retainer agreement and to pay for services rendered, expenses and disbursements warrant this Court in permitting plaintiff's counsel to withdraw as plaintiff's counsel.

## CONCLUSION

The motion of plaintiff's counsel for an order, pursuant to Rule 1.4 of the Civil Rules of the United States District Courts, for the Southern and Eastern District of New York, permitting him to withdraw as plaintiff's counsel, granting plaintiff time either to retain new counsel or proceed pro se and extending the date for plaintiff to submit reply papers (which were due on January 5, 2007) in response to defendants' opposition to plaintiff's request for permission to file a motion for an order, pursuant to FRCP 4(m) and 60(b), granting plaintiff leave to serve and file his complaint, should be, in all respects, granted.

THE COALITION OF LANDLORDS,
HOMEOWNERS & MERCHANTS, INC.
by its Staff Counsel

*R. Bertil Peterson*

R. Bertil Peterson, Esq. (RP3512)
Attorney for Plaintiff
28 East Main Street
Babylon, New York 11702
(631) 376-2110