UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                              **Report and Recommendation**

HENRY R. TERRY,
                                                              CV 05-3398 (DRH)
                        Plaintiff,

    -against-

THE INCORPORATED VILLAGE OF
PATCHOGUE, PETER SARACH, and
JAMES NUDO,

                        Defendants.

----------------------------------------------------------X

**ORENSTEIN, Magistrate Judge:**

      By Notice of Removal, dated July 19, 2005, defendant Incorporated Village of Patchogue removed the above-captioned action from the New York State Supreme Court, Suffolk County to this Court on July 20, 2005. *Notice of Removal*, dated July 19, 2005. Thereafter, defendants moved by letter motion for an order directing plaintiff to file a complaint that complies with the Fed. R. Civ. P. *Sokoloff Letter*, dated August 11, 2005. By Order, dated October 2, 2005, the district court granted defendants' motion and ordered plaintiff to submit a proper complaint and stayed all other proceedings and deadlines pending receipt of such complaint. *Order*, dated October 2, 2005, *Hurley*, D.J. In addition, the district court advised plaintiff that the failure to submit such complaint on or before November 4, 2005 would result in the dismissal of this case for failure to prosecute. *Id.*

      On December 16, 2005, plaintiff moved by letter application for an extension of time to file plaintiff's complaint based on "excusable neglect," which the district court denied. *Peterson Letter*, dated December 16, 2005. By Order dated December 29, 2005, the district court dismissed the complaint for failure to prosecute. *Order*, dated December 29, 2005, *Hurley*, D.J. Plaintiff filed a Notice of Appeal, and on August 21, 2006 the Second Circuit vacated the judgment and remanded the case for further proceedings. *Summary Order*, dated August 21, 2006.

      Plaintiff's attorney, R. Bertil Peterson now moves for an order granting him leave to withdraw as counsel for plaintiff Henry R. Terry pursuant to Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York. *See Notice of Motion to Withdraw as Counsel*, dated February 28, 2007. In addition, Mr. Peterson moves for an order granting plaintiff time to either retain new counsel or proceed *pro se* and extending the date for plaintiff to submit reply papers in response to defendants' opposition to plaintiff's request for permission to file a motion for an order, pursuant to Fed. R. Civ. P. 4(m)

and 60(b) granting plaintiff leave to serve and file his complaint. Plaintiff Henry R. Terry opposes the motion, requesting principally that the motion to withdraw as counsel be stayed until such time as all issues in the case are resolved and until it is found who is responsible for the late filing of the Complaint. *See Notice of Plaintiff Henry R. Terry's Answer to Motion to Withdraw as Counsel*, dated April 13, 2007. Defendants have not made a response in opposition to this motion. By Order, dated April 16, 2007 the district court referred the motion of counsel for plaintiff to withdraw as counsel to the undersigned. *Order*, dated April 16, 2007, *Hurley*, D.J.

Rule 1.4 provides that:

An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by the order. Such an order may be granted only upon a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

*See* Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.

It is well-settled that a lawyer may seek to withdraw when the client "renders it unreasonably difficult for the lawyer to carry out [such] employment effectively." *Stephen Eldridge Realty Corp. v. Green*, 174 A.D.2d 564, 566, 570 N.Y.S.2d 677, 678 (2d Dep't 1991); *see Bok v. Werner*, 780 N.Y.S.2d 332, 9 A.D.3d 318 (1st Dep't 2004); *Johns-Manville Sales Corp. v. State Univ. Constr. Fund*, 79 A.D.2d 782, 434 N.Y.S.2d 830 (3d Dep't 1980); 22 NYCRR § 1200.15 (1995). Moreover, where a client's relationship with her attorney has deteriorated to such an extent that continued representation would be inappropriate and the client does not oppose a motion for withdrawal, the motion should be granted. *See Lake v. M.P.C. Trucking Inc.*, 718 N.Y.S.2d 903, 279 A.D.2d 813 (3d Dep't 2001) ("Good and sufficient cause has been found to exist when there are irreconcilable differences between the attorney and the client with respect to the proper course to be pursued in the litigation"); *Kraus v. Botti*, 699 N.Y.S.2d 189, 190 (3d Dep't 1999); *Ashkar v. International Business Machines Corp.*, 201 A.D.2d 765, 766, 601 N.Y.S.2d 488, 489 (3d Dep't 1994); *see also Valente v. Seiden*, 244 A.D.2d 799, 666 N.Y.S.2d 517 (3d Dep't 1997) (client's unwillingness to communicate with her attorney makes it "unreasonably difficult, if not impossible, for [the attorney] to carry out [her] employment effectively"). Indeed, "the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client." *Casper v. Lew Lieberbaum & Co.*, 1999 WL 335334, at *4 (S.D.N.Y. 1999).

Likewise, it is settled that the "non-payment of counsel fees alone will not entitle an attorney to withdraw." *Kiernan v. Kiernan*, 233 A.D.2d 867, 868, 649 N.Y.S.2d 612, 613 (4th Dep't 1996); *see Kay v. Kay*, 245 A.D.2d 549, 549, 666 N.Y.S.2d 728, 729 (2d Dep't 1997); *Kelly v. Rancich*, 221 A.D.2d 855, 856, 633 N.Y.S.2d 872, 873 (3d Dep't 1995); *Matter of Busby*, 207 A.D.2d 886, 887, 616 N.Y.S.2d 755, 756 (2d Dep't 1994). However, when such fact is combined with the client's failure to cooperate or where the client has rendered it unreasonably difficult for the firm to carry out its responsibilities, then the motion should be granted. *Id.; see*

*Kraus v. Botti*, 699 N.Y.S.2d 189, 190 (3d Dep't 1999); *Ashkar v. International Business Machines Corp.*, 201 A.D.2d 765, 766, 601 N.Y.S.2d 488, 489 (3d Dep't 1994); *see also Valente v. Seiden*, 244 A.D.2d 799, 666 N.Y.S.2d 517 (3d Dep't 1997) (client's unwillingness to communicate with her attorney makes it "unreasonably difficult, if not impossible, for [the attorney] to carry out [her] employment effectively").

Inasmuch as Mr. Peterson's motion papers clearly reflect that plaintiff's conduct has rendered it unreasonable for him to execute his employment effectively in accordance with the rules of professional conduct, including plaintiff's failure to cooperate with counsel in this matter (i.e., plaintiff's refusal to address certain critical strategy issues in this litigation; plaintiff's refusal to follow counsel's advice; and plaintiff's attempt to dictate the legal strategy to be used in his case) and plaintiff's failure to pay legal fees and disbursements, and the defendants have not opposed Mr. Peterson's application to withdraw as attorney of record, this Court respectfully reports and recommends that plaintiff's attorney's motion be granted. Moreover, Mr. Terry's own recitation stating his differences with his attorney clearly set forth good and sufficient reason for the granting of this motion. *Notice of Plaintiff Henry R. Terry's Answer to Motion to Withdraw as Counsel*, dated April 13, 2007; *see Terry Letter*, dated March 30, 2007 (attached as Exh. D to *Notice of Motion to Withdraw as Counsel*, dated February 28, 2007).

In addition the Court respectfully reports and recommends that the action herein be stayed for thirty days from the date of service on the plaintiff to permit the plaintiff to secure other counsel or to proceed on his own behalf without counsel. Outgoing counsel is directed to serve a copy of this order upon plaintiff and upon counsel for the defendants and file proof of such service within ten days thereof. That portion of Mr. Peterson's motion that requests an extension of time for plaintiff to submit reply papers in response to defendants' opposition to plaintiff's request for permission to file a motion for an order pursuant to Fed. R. Civ. P. 4(m) and 60(b) granting plaintiff leave to serve and file his complaint is not properly before the undersigned and should be addressed to the district court after the stay herein expires.

Finally, in light of the foregoing stay, the Court finds no reason to stay the motion to withdraw as counsel until such time as all issues in the case are resolved and until it is found who is responsible for the late filing of the Complaint because these issues can be addressed once plaintiff secures new counsel or decides to proceed *pro se*. Accordingly, the Court respectfully reports and recommends that Mr. Henry's motion to stay the motion to withdraw as counsel be denied.

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within fifteen (15) days of the date of this Report. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. 636 (b)(1); Fed. R. Civ. P. 72, 6(a), 6(e); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir.

1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992).

**SO ORDERED.**

Dated:     Central Islip, New York
           June 6, 2007

                                    /s/ Michael L. Orenstein
                                    MICHAEL L. ORENSTEIN
                                    United States Magistrate Judge