UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

HENRY R. TERRY,

               Plaintiff,                 **MEMORANDUM & ORDER**

       -against-                  Civil Action No.  05-3398

THE INCORPORATED VILLAGE
OF PATCHOGUE, PETER SARACH,
and JAMES NUDO,

               Defendants.
-------------------------------------------------------x

**HURLEY, Senior District Judge**

     Plaintiff Henry R.  Terry ("Plaintiff") has filed objections to an Report and

Recommendation of Magistrate Judge Michael Orenstein, dated June 6, 2007, which

recommended that 1) the motion of Plaintiff's counsel, Bertil Peterson, to withdraw as attorney

of record be granted; 2) the action be stayed for thirty days to permit plaintiff to secure other

counsel or proceed on his own behalf without counsel; and 3) the motion of Plaintiff to stay the

motion to withdraw until all issues in the case are resolved and until it is found who is

responsible for the late filing of the Complaint be denied.   For the reasons that follow, the Order

is affirmed.

     Local Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may
> be relieved or displaced only by order of the court and may not
> withdraw from a case without leave of the court granted by the
> order.  Such an order may be granted only upon a showing by

> affidavit of satisfactory reasons for withdrawal or displacement and
> the posture of the case, including its position, if any, on the
> calendar.

*See* Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the

Southern and Eastern Districts of New York.

Plaintiff's objections to the Report and Recommendation all center upon the Magistrate's

conclusion that counsel's motion papers "reflect that plaintiff's conduct has rendered it

unreasonable for him to execute his employment effectively in accordance with the rules of

professional conduct . . . ." Plaintiff asserts that the motion papers contain untruths and

falsehoods and that a hearing should have been held.

Even if Plaintiff's assertions were determined to be correct, the Report and

Recommendation of Judge Orenstein that the motion to be relieved as counsel be granted would

be adopted. As Judge Orenstein aptly noted, Plaintiff's own recitation stating his differences

with his attorney clearly set forth good and sufficient reason for granting this motion. For

example, in his answer to the motion to withdraw, Plaintiff states:

> With respect to paragraph 2, Peterson says that he has
> "...irreconcilable conflict of interest between the plaintiff and
> [himself] ..." but Terry is not sure what these specific "conflict of
> interest" are and Peterson does not enumerate them in his
> affirmation. The conflict of interest as Terry sees it is a result of
> unethical behavior on the part of Peterson and Palmieri, starting
> with the fact that Terry was never told that his case was dismissed
> and later by systematically manipulating the client in order to cover
> up that fact and the failures of Peterson and Palmieri.

*See* Answer to Motion to Withdraw at ¶ 2. Further, Plaintiff asserts that counsel withheld

information and documents from him relating to this action. Given Plaintiff's allegations of

misconduct and/or malpractice, there exists a conflict of interest requiring that counsel be

permitted to withdraw. *Cf. Whiting v. Lacara*, 187 F.3d 317, 323 (2d Cir. 1999).

Turning to Plaintiff's request for a hearing to determine whether he is entitled to a refund of attorney's fees, the Court in the sound exercise of its discretion declines to entertain the matter as it appears that the parties are best left to a plenary action to determine the dispute. *See Leibowitz v. Szoverffy,* 412 N.Y.S.2d 569, 571 (Sup. Ct. Albany Co. 1979); 1B Carmody-Wait 2d §3:355 (summary proceeding directing attorney to pay money belonging to client is available only where attorney's misconduct is clearly established. Where the right to summary order can reasonably be questioned, the client must be referred to the usual remedies.).

Having considered the arguments, the Court adopts Magistrate Judge Orenstein's Report and Recommendation.

Accordingly **IT IS HEREBY ORDERED** that (1) the motion of R. Bertil Peterson to withdraw as attorney of record is granted; (2) the motion of plaintiff to stay the motion to withdraw as counsel is denied; and (3) this action is hereby stayed for thirty (30) days to permit plaintiff to secure other counsel or proceed on his own behalf without counsel.

Dated: Central Islip, New York
    July 16, 2007

                                 /s/_____
                                 Denis R.  Hurley
                                 Senior District Court Judge