UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HENRY TERRY,

                    Plaintiff,

       - against -

INCORPORATED VILLAGE OF PATCHOGUE;
PETER SARICH; and JAMES NUDO,

                    Defendants.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
2:05-CV-3398 (RRM) (MLO)

**MAUSKOPF, United States District Judge.**

Plaintiff, Henry Terry ("Plaintiff" or "Terry"), brings this action against Defendants Incorporated Village of Patchogue ("Village of Patchogue"), Peter Sarich, and James Nudo (collectively "Defendants") alleging, *inter alia*, that Defendants violated his rights under the Fifth, Ninth and Fourteenth Amendments to the United States Constitution, 28 U.S.C. § 1983,[1] and various state laws.[2] On December 29, 2005, the Honorable Dennis R. Hurley dismissed this action *sua sponte* for failure to prosecute under Fed. R. Civ. P. 41(b). Judgment was then entered in favor of Defendants. On appeal, the Second Circuit vacated the judgment and remanded the case for reconsideration of the Rule 41(b) dismissal for failure to prosecute and the denial of Plaintiff's request to file a motion for an extension of time to serve his complaint pursuant to Fed. R. Civ. P. 4(m). For the following reasons, the Court concludes that dismissal for failure to prosecute is not appropriate and grants Plaintiff's request for an extension of time to serve his complaint under Fed. R. Civ. P. 4(m).

---

[1] Section 1983 does not exist under Title 28 of the United States Code. The Court assumes that Plaintiff intended to state a claim under Title 42 of the United States Code.

[2] Plaintiff's state law claims include "libel and slander, disparagement of plaintiff's good name and reputation, negligence, intentional and negligent infliction of emotional distress, fraud and concealment, negligent misrepresentation, self dealing, intentional interference with contractual and economic relations, malicious prosecution, breach of privacy and prima facie tort."

1

## BACKGROUND

Plaintiff initiated this action in the Supreme Court of the State of New York, County of Suffolk, by filing a Summons with Notice with the Suffolk County Clerk on March 21, 2005 and serving it on Defendants on or about July 14, 2005. Defendants removed the action to this Court on July 20, 2005 and thereafter, moved for a more definite statement. On October 2, 2005, Judge Hurley granted Defendants' motion and directed Plaintiff to file a proper complaint by November 4, 2005. Judge Hurley warned Plaintiff "that failure to submit such complaint on or before November 4, 2005 will result in the dismissal of this case for failure to prosecute."

On December 16, 2005, Plaintiff requested permission to move for an extension of time to serve and file his complaint pursuant to Fed. R. Civ. P. 4(m) based on "excusable neglect." Plaintiff stated,

> pursuant to FRCP 4(m), the plaintiff had 120 days after removal to serve and file his complaint which expired on November 17, 2005, 120 days after the case was removed on July 20, 2005. The plaintiff failed to serve and file his complaint prior to November 17, 2005 because the plaintiff had to close down his Long Island business shortly after October 4, 2005 when Hurricane Wilma made landfall in Key West, Florida, and has been in Key West, Florida, ever since pre-occupied with, and focused upon, raising his sunken houseboat, which weighs 38,000 pounds, from a depth of over twelve feet of water, not only to protect his property but also to comply with the requirements of the State of Florida.

Doc. 4. Defendants opposed the motion, stating that while Plaintiff may have been required to visit Florida, "no hurricane visited Babylon, New York, the site of [Plaintiff's] counsel's office . . . [and] [n]othing prevented counsel from contacting the Court to request an extension." Doc. 5. On December 29, 2005, Judge Hurley dismissed the action *sua sponte* for failure to prosecute, finding that Plaintiff had not demonstrated "excusable neglect."

Plaintiff filed a Notice of Appeal on January 27, 2006, Doc. 7, and on August 17, 2006, while the appeal was pending and without leave of the Court, Plaintiff filed a complaint. *See*

Doc. 10. On August 21, 2006, the Second Circuit vacated the judgment and remanded the case, stating,

> In light of: (1) the brevity of the district court's order; (2) the fact that it was issued without either side having had an opportunity to submit evidence in support of its position or to brief whether dismissal for failure to prosecute or a lesser sanction was appropriate; and (3) the apparent silence of the evidence in the present record with respect to whether, inter alia, the delays at issue were caused by Terry or his counsel, we conclude that we have an insufficient record on which to determine properly the propriety of the judgment of the district court dismissing this action for failure to prosecute.
>
> . . . .
>
> The district court appears to have implicitly denied Terry's request for permission to file a motion pursuant to Federal Rule of Civil Procedure 4(m). Nevertheless, we ask the district court on remand to take the opportunity to make an explicit ruling on the request, in light of a presumably augmented record to the extent necessary.

Doc. 12. In accordance with this mandate, the parties were afforded an opportunity to brief the following issues: (1) whether dismissal or a lesser sanction was appropriate; (2) the cause of Plaintiff's delay; and (3) whether Plaintiff should be permitted to file a motion pursuant to Fed. R. Civ. P. 4(m).

On January 3, 2008, the undersigned was assigned to the instant action. Now before the Court is Plaintiff's motion for an extension of time to serve his complaint under Fed. R. Civ. P. 4(m).[3] Defendants oppose the motion. Defendants also move to consolidate this action with *Terry v. The Incorporated Village of Patchogue*, 09 cv 2333 (RRM) (ARL) (filed June 3, 2009, E.D.N.Y.).[4] Doc. 47.

---

[3] Plaintiff also moves for relief from final judgment pursuant to Fed. R. Civ. P. 60(b). In light of the Second Circuit's Summary Order, Plaintiff's Rule 60(b) motion is denied as moot.

[4] Plaintiff is proceeding *pro se* in *Terry v. The Incorporated Village of Patchogue*, 09 cv 2333 (RRM) (ARL).

3

## DISCUSSION

### I. Dismissal Under Rule 41(b)

Fed. R. Civ. P. 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits." Although Rule 41(b) authorizes a motion for dismissal by the Defendant, "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962).

Dismissal under Rule 41 is a harsh remedy and should only be utilized in extreme situations. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). "[A] district court contemplating dismissing a plaintiff's case, under Rule 41(b) for failure to prosecute must consider: [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *LeSane*, 239 F.3d at 209 (2d Cir. 2001) (internal quotations omitted). No one factor is dispositive, and in weighing dismissal, the court must review the record as a whole. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

## A. Duration of Plaintiff's Failures

The first factor – the duration of Plaintiff's failures – breaks down into two sub-factors: (1) whether the failure to prosecute was caused by Plaintiff's side as a whole; and (2) whether the failure to prosecute was of significant delay. *Id.* at 255. Here, Plaintiff's side is to blame for the delay. Plaintiff admits that he was preoccupied with raising his sunken houseboat and did not return his attorney's telephone messages requesting further revisions or a final verification of the complaint. Additionally, Plaintiff's counsel states that he erroneously misconstrued Plaintiff's silence to mean that Plaintiff did not want to pursue the action. Doc. 14 ¶¶ 15 - 18.

Although the failure to prosecute was caused by Plaintiff's side, Plaintiff argues that the delay was not significant. Plaintiff states that only thirty-four days elapsed between the Court's November 4, 2005 deadline and Plaintiff's December 8, 2005 request for an extension of time. Doc. 14-3 at 9. Defendants respond that the delay really amounts to years. They state that the events giving rise to this action occurred as early as 1992, but that Plaintiff did not initiate the lawsuit until 2005 and did not serve the Summons with Notice until four months after the lawsuit began. Doc. 19 at 11. While Plaintiff may have waited years before filing this lawsuit, the delay *at issue* concerns the November 4, 2005 deadline, which Plaintiff missed by forty-two days.[5]

In this Circuit, there is no "magic number" of months warranting dismissal under Rule 41(b). *Copeland v. Rosen*, 194 F.R.D. 127, 132 (S.D.N.Y. 2000); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (stating that a delay of thirty-nine days could be considered significant); *see also Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) (dismissal proper where plaintiff failed to prosecute for six months); *In re Air Crash Disaster Off the Coast of Nantucket Island, Mass. on Oct. 31, 1999*, No MD-00-1344, 2010 WL 1221401, at *7 (E.D.N.Y., March 29,

---

[5] Plaintiff letter is dated December 8, 2005; however, it was filed on December 16, 2005, forty-two days after the November 4, 2005 deadline.

2010) (a delay between five and ten months falls comfortably within the time frame necessary to dismiss). However, dismissal for failure to prosecute typically involves delays greater than four months. *See Antonios A. Alevizopoulos and Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (collecting cases). Since the delay in this case was only forty-two days, this factor weighs against dismissal.

### B. Notice of Dismissal

Plaintiff contends that he "never received any notice that further delays would result in dismissal of his case." Doc. 14-4 at 5. However, Judge Hurley's October 2, 2005 Order explicitly warned Plaintiff that failure to submit his complaint on or before November 4, 2005 would result in the dismissal of this case for failure to prosecute. Therefore, the notice factor militates in favor of dismissal.

### C. Prejudice to Defendants

Defendants argue that they have been substantially prejudiced by the various delays in this case, which they calculate as amounting to years. While "[p]rejudice to defendants resulting from unreasonable delay may be presumed[,] . . . in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell Theater Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) (internal citations omitted). Here, Defendants assert that there is an increased likelihood that evidence has been lost and that discovery will be difficult because Plaintiff's allegations concern events which occurred years before the action was commenced. However, if Defendants' theory is that Plaintiff's claims are untimely, Defendants are entitled to raise statute of limitations as a defense. As previously stated, the delay in this case was only forty-two days. This delay, which occurred at the beginning of the case and

before Defendants filed their answer, has not prejudiced Defendants. Therefore, this factor weighs against dismissal.

### D. Balance Between Court Congestion and Plaintiff's Right to be Heard

Under the fourth factor, "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas*, 84 F.3d at 535-36. Here, no such evidence has been presented to the Court. On the other hand, Plaintiff's due process right to be heard would be harmed if this action were dismissed. Accordingly, this factor weighs against dismissal.

### E. Adequacy of a Lesser Sanction

Under the fifth factor, the Court must consider the efficacy of lesser sanctions, taking into account whether the delay was caused by counsel as opposed to the Plaintiff. *Dodson v. Runyon*, 86 F.3d 37, 40 (2d Cir. 1996); *see also Bonda Indus. (HK) Co., Ltd. v. Talbot Group, LLC*, No. 08 Civ. 5507, 2009 WL 159267, at *7 (S.D.N.Y. Jan. 22, 2009) ("sanctioning lawyers directly might be a more appropriate sanction when the delay is occasioned by plaintiff's counsel's disregard of their obligations rather than by plaintiff's own behavior or strategy."). Here, Plaintiff is to blame insofar as he failed to return his attorney's telephone messages. *See Shim Cho v. Tomczyk*, No. 05-CV-5570, 2007 WL 3254294, at *2 (E.D.N.Y. Nov. 2, 2007) (plaintiff has an obligation to stay in contact with his attorney). However, in light of Plaintiff's unusual and pressing circumstances as well as Judge Hurley's explicit warning that the case would be dismissed if the complaint was not filed by November 4, 2005, Plaintiff's counsel should have requested an extension of time.

To punish Plaintiff for counsel's misstep would be severe. Additionally, there is no indication that lesser sanctions would not have been effective since this is not a case of repeated

failures to prosecute. *See, e.g., Feurtado v. City of New York*, 225 F.R.D. 474 (S.D.N.Y. 2004) (dismissal appropriate where plaintiff repeatedly failed to prosecute) (collecting cases). Accordingly, this factor weighs against dismissal.

### F. Conclusion

Viewing the record as a whole, and in light of the relevant factors, the Court concludes that dismissal for failure to prosecute under Fed. R. Civ. P. 41(b) is not appropriate.

## II. Extension of Time to Serve Under Federal Rule of Civil Procedure 4(m)

Plaintiff moves for an extension of time to serve his complaint under Fed. R. Civ. P. 4(m). This rule provides: "if a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." In removal cases, a defendant must be served within 120 days from the filing of the Notice of Removal. *G.G.G. Pizza, Inc. v. Domino's Pizza, Inc.*, 67 F.Supp.2d 99, 102 (E.D.N.Y. 1999).

Under Rule 4(m), the court must deny dismissal if there is good cause for Plaintiff's failure. Fed. R. Civ. P. 4(m) ("if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). "Good cause, or 'excusable neglect,' is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control." *Feingold v. Hankin*, 269 F.Supp.2d 268, 276 (S.D.N.Y. 2003). It is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time." 4B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1165 at 533-34 (3d ed. 2002). "An attorney's ignorance of the rules, inadvertence, neglect, or mistake do not constitute good cause." *Feingold*, 269 F.Supp.2d at 276.

Plaintiff concedes that his complaint was not timely served, but argues "excusable neglect." He explains that he was exchanging drafts and finalizing his complaint but that he was unable to complete the process because (1) the Village of Patchogue clerk refused to provide information necessary to finalize the complaint; and (2) shortly after October 24, 2005, he was required to raise his sunken houseboat in Florida following Hurricane Wilma. Pl. Aff. ¶ 4.

Plaintiff's argument in support of "excusable neglect" is undermined for two reasons. First, it is undisputed that Plaintiff's counsel could have requested an extension of time to effect service. Plaintiff's counsel admits that he "should have filed a draft of plaintiff's complaint . . . or [sought] an extension of time within which to file plaintiff's complaint prior to the November 4, 2005 deadline." Second, the record reflects that Plaintiff filed an Ethics Complaint on the Village of Patchogue on November 1, 2005. *See* Pl. Reply at 4. Plaintiff has not explained how he was able to file an Ethics Complaint on November 1, 2005 but was not able to assist his attorney in meeting the Court's November 4, 2005 deadline.

Even assuming that Plaintiff has not established "good cause" or "excusable neglect," the Court may, in its discretion, grant an extension of time. *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007). In deciding whether to grant an extension of time, the Court must consider the following factors: (1) plaintiff's diligent efforts to effect service; (2) whether the applicable statute of limitations would bar the refiled action; (3) whether the defendant had actual notice of the claims asserted in the complaint; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.[6] *Castro v. City of New York*, No. 05 Civ. 593, 2007 WL 3071857, at *7 (S.D.N.Y. Oct. 10, 2007).

---

[6] Courts also take into account whether the defendant attempted to conceal the defect in service. However, this factor is inapplicable because Plaintiff did not serve his complaint.

9

Here, Plaintiff served Defendants with the Summons with Notice on or about July 14, 2005. However, apart from drafting a complaint, Plaintiff made no effort to serve it. Nonetheless, if the Court were to dismiss the action for failure to serve under Rule 4(m), many of Plaintiff's claims would be time-barred. Moreover, given the preliminary stage of the case and the fact that Defendants had notice of the action, little prejudice would result if the Court were to grant Plaintiff an extension of time. Accordingly, Plaintiff's motion for an extension of time to serve his complaint under Fed. R. Civ. P. 4(m) is granted.

### III. Motion to Consolidate

Defendants move to consolidate this action with *Terry v. The Incorporated Village of Patchogue*, 09-CV-2333 (RRM) (ARL). Defendants argue that Plaintiff's complaint in his 2009 case contains many of the same allegations as his complaint in the instant case. However, Plaintiff's complaint in this case is inoperative as it was filed during the pendency of the appeal and without leave of the Court. Accordingly, Defendants' motion to consolidate is denied without prejudice to renew once the complaint is properly served and filed in accordance with this Order.

## CONCLUSION

For the foregoing reasons, the Court concludes that dismissal under Fed. R. Civ. P. 41(b) is not appropriate and grants Plaintiff's motion to serve his complaint under Fed. R. Civ. P. 4(m) *nunc pro tunc*. Plaintiff shall serve and file his complaint by May 28, 2010, and Defendants shall respond to the complaint by June 17, 2010. The Clerk of Court is directed to mail a copy of this Memorandum and Order to the Plaintiff by overnight mail. The case is hereby referred to the assigned Magistrate Judge for pretrial purposes.

**SO ORDERED.**

s/Hon. Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
       May 17, 2010