UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HENRY TERRY,

                Plaintiff,

   - against -

INCORPORATED VILLAGE OF PATCHOGUE
et. al.,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
09-CV-2333 (RRM)(ARL)
05-CV-3398 (RRM) (ARL)

**MAUSKOPF, United States District Judge.**

      Plaintiff *pro se* Henry Terry has appealed numerous Orders of Magistrate Judge Lindsay relating to discovery in this action. Under Rule 72(a) of the Federal Rules of Civil Procedure, a court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Nikkal Indus., Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988) (citation omitted). This is a highly deferential standard, and "[t]he party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189, 2007 U.S. Dist. LEXIS 59233, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007).

      This Court has reviewed each of the non-dispositive discovery rulings to which Plaintiff has objected, pursuant to Rule 72(a), and has fully considered Plaintiff's objections and Defendants' opposition thereto. The Court has also taken into account Plaintiff's *pro se* status and construed his objections broadly to raise the strongest possible arguments in his favor. After

so doing, the Court finds that Plaintiff's objections are wholly without merit, and that none of the Magistrate Judge's Orders are clearly erroneous or contrary to law.

Magistrate Judge Lindsay has cogently explained all of her rulings, many in written decisions.  In ruling and in managing discovery, she has taken great pains to accommodate Plaintiff in meeting his discovery obligations, for example, granting numerous extensions of the time in which he was to produce various documents and interrogatories, and making alternative arrangements for Plaintiff to produce a large volume of documents, among other accommodations.  A review of the record reveals that the Magistrate Judge has exercised her broad discretion in supervising discovery equitably, without favor to either side, and in a manner that most efficiently and effectively balances the competing interests of the litigants herein.  All of Plaintiff's objections are wholly without merit.

Plaintiff also moved to recuse Magistrate Judge Lindsay, which motion was denied.  (*See* Doc. No. 55) and now appeals that Order.  (*See* Doc. No. 58.)   The Court finds no basis for recusal, whether as a matter of law, or based on an appearance of impropriety.  As noted above, the record clearly reflects the even-handed manner in which Magistrate Judge Lindsay has presided over this action.

Finally, Defendants have moved to consolidate this action with another action pending before this Court, *Terry v. Incorp. Vil. of Patchogue*, 05-CV-3398.  Both cases arise out of the same nucleus of operative facts, and are largely against the same and/or related Defendants.  In the interest of effective and efficient case management, and for the reasons set forth in Defendants' Motion to Consolidate, the Motion is GRANTED.

CONCLUSION

Based on the foregoing, this action is re-committed to Magistrate Judge Lindsay to complete discovery consistent with each and every Order she has issued to date, and pursuant to such other and further relief as Magistrate Judge Lindsay deems appropriate, necessary and proper to move this case forward.[1]  Defendants Motion to Consolidate actions 05-CV-3398 and 09-CV-2333 is GRANTED.  The earlier-filed case will be administratively closed and all subsequent actions will be carried through the later-filed action.

Defendants are directed to mail a copy of this Memroandum and Order to Plaintiff, and file proof of such mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       September 12, 2011

*Roslynn R. Mauskopf*
_____

---

[1] Defendants' Motion for Sanctions (Doc. No. 40) and Motion for Extension of Time to Complete Discovery (Doc. No. 52) are denied without prejudice to renew before Magistrate Judge Lindsay, who is in the best position to determine whether sanctions are warranted.